*MHN*

1  BRIAN DAVID, ESQ., Illinois Bar No.
2  666 Dundee Road, Suite 704
   Northbrook, IL 60062
3  Telephone:     847-291-0603
   Facsimile:     847-291-1812

4  SAMUEL KORNHAUSER, Esq., California Bar No. 083528
   LAW OFFICES OF SAMUEL KORNHAUSER
5  155 Jackson Street, Suite 1807
   San Francisco, California 94111
6  Telephone:     (415) 981-6281
   Facsimile:     (415) 981-7616
7
8  Attorneys for Defendant
   Anthony Clark International Insurance Brokers Ltd.
9

**FILED**

J.N 3-11-2009

MAR 1 1 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

12              IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN

                                    09CV1541
14                                  JUDGE KENNELLY
                                    MAG. JUDGE COX
15

16  ROBERT A. GREEN, individually and as the       ) Case No. _____
    representative of a class of similarly-situated  )
17  persons,                                         )
                                                     ) **NOTICE OF REMOVAL**
18          Plaintiff,                               )
                                                     )
19      v.                                           )
                                                     )
20  ANTHONY CLARK INTERNATIONAL                      )
    INSURANCE BROKERS LTD. and JOHN                  )
21  PODORIESZACH,                                    )
                                                     )
22          Defendants.                              )
                                                     )
23

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

Notice Of Removal

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1441(b), Defendant Anthony Clark International Insurance Brokers, Ltd. ("Anthony Clark") hereby removes to this Court the action described herein and respectfully submits the following statement of grounds for removal:

1. On October 15, 2007, Plaintiff filed this putative class action lawsuit in the Circuit Court of Cook County, Illinois, Chancery Division, entitled "Green v. Sierra Consulting Group," Case No. 07-CH-29477 (the "Chancery Court Action").

2. Anthony Clark was served with a Third Amended Complaint ("T.A.C."), the Chancery Court Action in <u>Green</u> v. <u>Anthony Clark International Insurance Brokers, Ltd. and John Podorieszach,</u> Case No. 07-CH-29477, and a Summons in the Circuit Court Cook County Illinois County Department, Chancery Division, Case No. 08CH3352, on February 10, 2009. Anthony Clark is informed that John Podorieszach was served with those same pleading on February 19, 2009. These were the initial pleadings served on Anthony Clark and Podorieszach.

3. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A are copies of all process and pleadings (Third Amended Complaint and Summons) served upon Anthony Clark.

4. Plaintiff attempts to state causes of action for: (1) violation of Telephone Consumer Protection Act 47 U.S.C. §227; (2) conversion; (3) consumer fraud in Illinois and deceptive business practices under 815 ILCS 505/2. (T.A.C. at pp. 4, 7 and 10.)

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(b) in that it arises under federal statute, i.e., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. <u>Brill</u> v. <u>Countrywide Home Loans, Inc.</u> 427 F.3d 446, 450-451 (7th Cir. 2005). Plaintiff contends that Defendants violated federal law 47 U.S.C. §227 by faxing "unsolicited advertisements" and seeks damages under said Telephone Consumer Protection Act.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

6.    All named defendants who have been served with the (Third Amended) Complaint and a Summons (in Case No. 08CH3352) join in this removal, i.e., Anthony Clark and John Podorieszach, have joined in this Notice of Removal.

7.    This Notice of Removal is filed within thirty days of service on Anthony Clark of a copy of the suit, in compliance with 28 U.S.C. §1446(a).

WHEREFORE, Defendants request that this Court assume full jurisdiction over the cause herein as provided by law.

DATED: March 10, 2009

By: _____

Brian David
Attorney for Defendant Anthony Clark
International Insurance Brokers Ltd.

666 Dundee Road, Suite 704
Northbrook, IL 60062
Telephone:   847-291-0603
Facsimile:    847-291-1812
Illinois Bar No.

LAW OFFICES OF SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, California 94111
Telephone:   (415) 981-6281
Facsimile:    (415) 981-7616
California Bar No. 083528

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

Notice Of Removal

## PROOF OF SERVICE

I declare that I am employed in the City and County of San Francisco. I am over the age of eighteen years and not a party to the within cause. My business address is 155 Jackson Street, Suite 1807, San Francisco, CA 94111. On March 11, 2009, I served the within **NOTICE OF REMOVAL** on the parties below in said cause:

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street
Suite 1000
Chicago, IL 60602

by United States Mail.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 11, 2009 at San Francisco, California.

Samuel Rolnick

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

Notice Of Removal

**EXHIBIT A**

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

No. 08 CH 3352

ROBERT A. GREEN

(Name all parties)

v.

Anthony Clark International Insurance Brokers Ltd. and John Podorieszach

Serve:
John Podorieszach and
Anthony Clark International Insurance
Brokers Ltd.
10655 Southport Rd. SW Ste 100
Calgary AB Canada T2W 4Y1
OR 10333 Southport Rd. SW Ste 355
Calgary AB Canada T2W 3X6

## SUMMONS
### ON THIRD AMENDED COMPLAINT

To each Defendant:

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **802** , Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, **DOROTHY BROWN** JAN 1 5 2009

Atty. No.: 51306

Name: Brian J. Wanca @ Anderson+Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Rd. Suite 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: (847) 368-1500

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ROBERT A. GREEN, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 CH 29477 ) |
| ANTHONY CLARK INTERNATIONAL INSURANCE BROKERS LTD. and JOHN PODORIESZACH, | ) ) ) ) ) |
| Defendants. | ) |

## THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiff, ROBERT A. GREEN (herein "Plaintiff"), brings this action on behalf of

himself and all other persons similarly situated, through his attorneys, and except as to those

allegations that pertain to Plaintiff or his attorneys, which allegations are based upon personal

knowledge, alleges the following upon information and belief against Defendants, ANTHONY

CLARK INTERNATIONAL INSURANCE BROKERS LTD. and JOHN PODORIESZACH

(herein "Defendants").

## PRELIMINARY STATEMENT

1.     This case challenges Defendants' policy and practice of faxing unsolicited

advertisements to persons in Illinois and other states.

2.     The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a

person or entity within the United States from sending or having an agent send unsolicited faxed

advertisements. The TCPA provides a private right of action for violations, provides statutory

damages of $500.00 per violation, which may be trebled for knowing violations, and authorizes

injunctions against the wrongdoer. 47 U.S.C. § 227(b)(3).

3.     Unsolicited faxes damage the recipients.  Recipients lose the use of their fax machine, paper, and ink toner.  Unsolicited faxes also causes the recipients to waste valuable time they would have spent on something else.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the common law of conversion, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 and the substantially-similar consumer protection statutes of other states.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business in Illinois and violated state and federal law related to the matters complained of herein.  Defendants do business in this state and purposefully direct their business activities at Illinois residents and Illinois fax machines.

7.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of herein occurred in Cook County, Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

2

## PARTIES

9.   Plaintiff, ROBERT A. GREEN, is a resident of Chicago, Cook County, Illinois.

10.   On information and belief, Defendant, ANTHONY CLARK INTERNATIONAL INSURANCE BROKERS LTD. is a Canadian corporation with a principal place of business in Calgary, Alberta.  On information and belief, Defendant JOHN PODORIESZACH was and is a shareholder, officer, director, and control person of ANTHONY CLARK INTERNATIONAL INSURANCE BROKERS LTD.

On information and belief, JOHN PODORIESZACH approved, authorized and participated in the scheme to broadcast advertisements by facsimile by: (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving  the form of advertisements to be sent; (d) determining the number and frequency of the facsimile transmissions and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

## FACTS

11.   On or about May 31, 2007, Defendants transmitted by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is attached hereto and marked as Exhibit A.

12.   Defendants knew or should have known that (i) Exhibit A was an advertisement and (ii) Defendants did not have permission or invitation to send Exhibit A to Plaintiff and the other members of the class.

13.   On information and belief, Defendants have sent the same or similar unsolicited facsimile advertisements to at least 39 other recipients.

3

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.     In accordance with 735 ILCS 5/2-801, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendants did not have an established business relationship.

17.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable;

(b)     There are questions of fact or law common to the class that predominate over questions affecting only individual class members, including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

(ii)    Whether the facsimiles sent by Defendants were material advertising the commercial availability of property, goods, or services;

4

(iii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendants sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(v)    Whether Defendants violated the provisions of 47 U.S.C. § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendants knowingly violated the provisions of 47 U.S.C. § 227; and

(viii)    Whether Defendants engaged in knowing conduct entitling Plaintiff and the other members of the class to treble damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b)(1).

5

21. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22. The TCPA provides:

> 3. Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) Both such actions.

23. The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

24. If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

25. Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

26. Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from

6

being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

27.    If the evidence shows Defendants' violation was knowing, Plaintiff requests that the court treble the damages.

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, ANTHONY CLARK INTERNATIONAL INSURANCE BROKERS LTD. and JOHN PODORIEZACH, jointly and severally, as follows:

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater, and, if Defendants' violation was knowing, increase the award to three times the amount awarded per violation;

C.    That the court enter an injunction prohibiting Defendants from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

D.    That the court awarding costs and for such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 per individual class member inclusive of all damages and fees.

## COUNT II
## CONVERSION

28.  Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 28 as though fully set forth herein.

29.  In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who (1) on or after five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendants did not have an established business relationship.

30.  A class action is proper in that:

(a)  On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)  There are questions of fact or law common to the class that predominate over all questions affecting only individual class members, including:

(i)  Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

(ii)  Whether the facsimiles Defendants sent were material advertising the commercial availability of property, goods, and services;

(iii)  Whether Defendants sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)  The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

8

(v) Whether Defendants committed conversion; and

(vi) Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

31. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

32. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

33. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted Plaintiff's fax machine toner, paper, memory, and employee time to their own use.

34. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machine paper, toner, memory, and employee time.

35. Defendants knew or should have known that their misappropriation of Plaintiff's resources was wrongful and without authorization.

36. Plaintiff and the other class members were deprived of valuable resources, which because of Defendants could not be used for any other purpose. Defendants' unsolicited faxes caused unauthorized wear and tear of the class members' machines.

37. Plaintiff and each class member suffered economic damages because they received unsolicited fax advertisements from Defendants.

9

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, ANTHONY CLARK INTERNATIONAL INSURANCE BROKERS LTD. and JOHN PODORIEZACH, jointly and severally, as follows:

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award damages;

C.    That the court award costs of suit; and

D.    Award such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

38.    Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 38 as though fully set forth herein.

39.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, brings Count III for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons who (1) on or after three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendants did not have an established business relationship.

40.    A class action is proper in that:

10

(a)     On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class that predominate over all questions affecting only individual class members including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

(ii)     Whether the facsimiles sent by Defendants were material advertising the commercial availability of property, goods, and services;

(iii)     Whether Defendants sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)     The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

(v)     Whether Defendants' practice of sending unsolicited faxed advertisements violates the public policy against such faxes;

(vi)     Whether Defendants' practice of sending unsolicited faxes is oppressive;

(vii)     Whether Defendants' practice of sending unsolicited faxes substantially injures consumers;

(viii)     Whether Defendants' practice of sending unsolicited faxes is an unfair practice; and

11

(ix)     Whether Plaintiff and the other class members are entitled to

recover actual damages, attorney fees, and other appropriate relief.

41.     Plaintiff will fairly and adequately protect the interests of the other class

members. Plaintiff has retained counsel who are experienced in handling class actions and

claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests

adverse or in conflict with the class.

42.     A class action is an appropriate method for adjudicating this controversy fairly

and efficiently. The interest of the individual class members in individually controlling the

prosecution of separate claims is small and individual actions are not economically feasible.

43.     720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited

facsimile advertisements to Illinois residents and sets a $500.00 fine for each violation of this

criminal statute.

44.     Defendants' unsolicited fax practice is an unfair practice, because it violates state

and federal public policy. It forced Plaintiff and the other class members to incur expense

without any consideration.

45.     Defendants violated the unfairness predicate of the Act by engaging in an

unscrupulous business practice and by violating Illinois statutory public policy, which public

policy violations in the aggregate caused substantial injury to forty or more persons.

46.     Defendants' misconduct caused economic damages to Plaintiff and the other

members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile

machines, and the loss of employee time wasted in handling Defendants' faxes.

47.     Through their repeated misconduct, Defendants caused substantial injury to the

class and caused them economic damage, including the loss of paper, toner, ink, wear and tear on

12

their facsimile machines, and business interruption. By faxing unsolicited advertisements to them, Defendants forced the class members to pay for Defendants' advertising campaign, when they had no obligation to pay any portion of Defendants' costs.

48.     Absent a practical mechanism for consumers to gather together to recover for the damages Defendants' unsolicited faxes caused them, there is a substantial danger that consumer facsimile machines will continue to be inundated with an avalanche of unwanted and offensive materials.

WHEREFORE, Plaintiff, ROBERT A. GREEN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, ANTHONY CLARK INTERNATIONAL INSURANCE BROKERS LTD. and JOHN PODORIEZACH, jointly and severally, as follows:

A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the court award damages to Plaintiff and the other class members;

C.     That the court award attorney fees and costs;

D.     Enter an injunction prohibiting Defendants from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

E.     Award such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

ROBERT A. GREEN, individually and as the representative of a class of similarly-situated persons

13

By: _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
#51306

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street
Suite 1000
Chicago, IL 60602
Telephone (312) 658-5500
#55433

14

**EXHIBIT A**

Date: 5/31/2007  Time: 4:32:28 AM

Page 1 of 1

 

**SIERRA**
Consultants

Mergers and Acquisitions

1318 Redwood Way
Ste. 250
Petaluma, CA 94954
Toll Free 1 - (877) 378-8311

May 29, 2007

Bob Green
Tiffany Insurance

Fax#: 7737611647

Dear Bob,

### Re:  *Seeking Acquisition/Merger—Property & Casualty Insurance Agencies*

Our firm Sierra Consulting has been retained by our confidential client to seek **reputable and well-run General Insurance Agencies** (Commercial and or Personal Lines), that may be willing to **sell or merge** their business(s).  Since we are acting on behalf of the buyer, there are **no charges or finders fees** which are payable by you, the vendor.

Our client is a full service international general insurance brokerage firm offering a full spectrum of insurance products.  They are seeking general insurance agencies having commission/fee revenues of **$1 million and above** and or independent contractors that have a minimum of **$100,000** in commission/fees.

The purchase price is dependent on a vast array of criteria.  In the past, our client has paid up to a **2X multiple** on commission revenue and up to a **90% cash down payment.**

Should you be **interested** in further discussing the possibility of **selling or merging your agency/business,** please contact **John or Peter, Acquisitions Department,** on our direct toll free line at:  **1-(877) 378-8811** or you may email me at:  **johnpodo@shawcable.com**

All correspondence or communications will be held in strictest confidence.

Sincerely,
Sierra Consultants
Mergers and Acquisitions

If you do not wish to receive further communications from our firm, please fax this letter back to (707) 796-7190.

1  BRIAN DAVID, ESQ., Illinois Bar No.
2  666 Dundee Road, Suite 704
   Northbrook, IL 60062
3  Telephone:    847-291-0603
   Facsimile:    847-291-1812

4  SAMUEL KORNHAUSER, Esq., California Bar No. 083528
   LAW OFFICES OF SAMUEL KORNHAUSER
5  155 Jackson Street, Suite 1807
   San Francisco, California 94111
6  Telephone:    (415) 981-6281
   Facsimile:    (415) 981-7616
7
8  Attorneys for Defendants
   Anthony Clark International Insurance Brokers Ltd.

9

10

11

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE NORTHERN DISTRICT OF ILLINOIS

14

15

16  ROBERT A. GREEN, individually and as the        ) Case No. _____
    representative of a class of similarly-situated  )
17  persons,                                         )
                                                     ) **CERTIFICATE OF SERVICE OF**
18           Plaintiff,                              ) **NOTICE TO ADVERSE PARTY OF**
                                                     ) **REMOVAL TO FEDERAL COURT**
19      v.                                           )
                                                     )
20  ANTHONY CLARK INTERNATIONAL                      )
    INSURANCE BROKERS LTD. and JOHN                  )
21  PODORIESZACH,                                    )
                                                     )
22           Defendants.                             )
                                                     )
23

24

25

26

27

28

1   Samuel Rolnick certifies and declares as follows:

2   I am over the age of 18 years and not a party to this action.

3   My business address is the Law Offices of Samuel Kornhauser, 155 Jackson Street,

4   Suite 1807, San Francisco, California 94111, which is located in the city, county and state

5   where the mailing described below took place.

6   On March 11, 2009, I deposited in the United States Mail at San Francisco, California, a

7   copy of the NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT dated

8   March 11, 2009, a copy of which is attached to this Certificate.

9   I declare under penalty of perjury that the foregoing is true and correct.

10  Executed on March 11, 2009.

11

12

13

14  _____
    Samuel Rolnick

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

1

1  BRIAN DAVID, ESQ., Illinois Bar No.
   666 Dundee Road, Suite 704
2  Northbrook, IL 60062
   Telephone:    847-291-0603
3  Facsimile:    847-291-1812

4  SAMUEL KORNHAUSER, Esq., California Bar No. 083528
   LAW OFFICES OF SAMUEL KORNHAUSER
5  155 Jackson Street, Suite 1807
   San Francisco, California 94111
6  Telephone:    (415) 981-6281
   Facsimile:    (415) 981-7616

7

8  Attorneys for Defendants
   Anthony Clark International Insurance Brokers Ltd.

9

10

11

12              IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF ILLINOIS

14

15

16  ROBERT A. GREEN, individually and as the      )  Case No. _____
    representative of a class of similarly-situated )
17  persons,                                        )
                                                    )  **CERTIFICATE OF SERVICE OF**
18          Plaintiff,                              )  **NOTICE TO ADVERSE PARTY OF**
                                                    )  **REMOVAL TO FEDERAL COURT**
19          v.                                      )
                                                    )
20  ANTHONY CLARK INTERNATIONAL                     )
    INSURANCE BROKERS LTD. and JOHN                 )
21  PODORIESZACH,                                   )
                                                    )
22          Defendants.                             )
                                                    )
23  _____

24

25

26

27

28

1  Samuel Rolnick certifies and declares as follows:

2  I am over the age of 18 years and not a party to this action.

3  My business address is the Law Offices of Samuel Kornhauser, 155 Jackson Street,

4  Suite 1807, San Francisco, California 94111, which is located in the city, county and state

5  where the mailing described below took place.

6  On March 11, 2009, I deposited in the United States Mail at San Francisco, California, a

7  copy of the NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT dated

8  March 11, 2009, a copy of which is attached to this Certificate.

9  I declare under penalty of perjury that the foregoing is true and correct.

10  Executed on March 11, 2009.

11

12

13

14  _____
    Samuel Rolnick

15

16

17

18

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

19

20

21

22

23

24

25

26

27

28

1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

ROBERT A. GREEN, individually and as   )
the representative of a class of similarly-   )
situated persons,   )
  )
                        Plaintiff,   )
      v.   )   No. 07 CH 29477
  )
ANTHONY CLARK INTERNATIONAL   )
INSURANCE BROKERS LTD. and JOHN   )
PODORIESZACH,   )
  )
                   Defendants.   )
  )

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

TO PLAINTIFF ROBERT A. GREEN AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

States District Court for the Northern District of Illinois on March 11, 2009.

1

A copy of aid Notice of Removal is attached to this Notice, and is served and filed herewith.

DATED: March 11, 2009            BRIAN DAVID, ESQ.

                                    AND

                          LAW OFFICES OF SAMUEL KORNHAUSER

By: _____

               Brian David
               Attorney for Defendant Anthony Clark International
               Insurance Brokers Ltd.

               666 Dundee Road, Suite 704
               Northbrook, IL 60062
               Telephone:    847-291-0603
               Facsimile:     847-291-1812
               Illinois Bar No.

               LAW OFFICES OF SAMUEL KORNHAUSER
               155 Jackson Street, Suite 1807
               San Francisco, California 94111
               Telephone:    (415) 981-6281
               Facsimile:     (415) 981-7616
               California Bar No. 083528

<u>PROOF OF SERVICE</u>

I declare that I am employed in the City and County of San Francisco. I am over the age of eighteen years and not a party to the within cause. My business address is 155 Jackson Street, Suite 1807, San Francisco, CA 94111. On March 11, 2009, I served the within **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the parties below in said cause:

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street
Suite 1000
Chicago, IL 60602

by United States Mail.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 11, 2009 at San Francisco, California.

_____
Samuel Rolnick

3