IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT A. GREEN, individually and as )
the representative of a class of similarly )
situated persons, )
)
        Plaintiffs, )
)
vs. ) Case No. 09 C 1541
)
ANTHONY CLARK INTERNATIONAL )
INSURANCE BROKERS, LTD. and JOHN )
PODORIESZACH, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Robert Green has sued Anthony Clark International Insurance Brokers, Ltd. ("Anthony Clark Brokers") and John Podorieszach asserting claims under the federal Telephone Consumer Protection Act ("TCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), as well as a claim for conversion under Illinois common law. Though Green's complaint says he has sued on behalf of a putative class, he has made no motion asking the Court to certify a class.

Defendants have moved for summary judgment on all three claims. The Court previously denied defendants' motion to dismiss in part. *See Green v. Anthony Clark Int'l Ins. Brokers, Ltd.*, No. 09 C 1541, 2009 WL 2515594 (N.D. Ill. Aug. 17, 2009). The Court assumes familiarity with that decision, which provided factual background. For

the reasons stated below, the Court denies defendants' motion for summary judgment with respect to counts one and two but grants it with respect to count three.

## Discussion

On a motion for summary judgment, the Court draws "all reasonable inferences from undisputed facts in favor of the nonmoving party and [views] the disputed evidence in the light most favorable to the nonmoving party." *Harney v. Speedway SuperAmerica*, *LLC*, 526 F.3d 1099, 1104 (7th Cir. 2009). A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment is appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**1. TCPA claim**

On their TCPA claim, defendants again argue that the fax Green received was not an "unsolicited advertisement" within the meaning of the statute because it did not "advertis[e] the commercial availability of any property, goods, or services." 28 U.S.C. § 227(a)(5). The Court concludes that a reasonable jury could find that Podorieszach sent a fax to plaintiff advertising the commercial availability of a service, namely, his facilitation of a sale of Green's insurance agency to Anthony Clark Brokers. Because FCC regulations define "sender" to include the person "on whose behalf" such a fax is sent, the Court also concludes that a reasonable jury could find Anthony Clark Brokers

liable under the TCPA. 47 C.F.R. 64.1220(f)(8). Summary judgment is therefore inappropriate on count one.

**2.     Conversion claim**

"To prove conversion, a plaintiff must establish that (1) he has a right to the property, (2) he has an absolute and unconditional right to the immediate possession of the property, (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114, 703 N.E.2d 67, 70 (1998). Green has provided evidence that Podorieszach, acting on behalf of Anthony Clark Brokers, sent an unsolicited fax to plaintiff and thereby "materially change[d] [the] characteristics" of plaintiff's property—namely, toner and paper. *Centerline Equip. Corp. v. Banner Personnel Serv., Inc.*, 545 F. Supp. 2d 768, 782 (N.D. Ill. 2008). Based on this evidence, and for the reasons outlined in the Court's opinion denying defendants' motion to dismiss, the Court concludes that a reasonable jury could find defendants liable for conversion.

**3.     ICFA claim**

On plaintiff's ICFA claim, defendants argue that their actions were not "unfair" within the meaning of the ICFA. To determine whether conduct is unfair, courts consider "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 417-18, 775 N.E.2d 951, 961 (2002). In denying defendants' motion to dismiss this claim, the Court

concluded that Green had made sufficient allegations on all three factors. *Green*, 2009 WL 2515594 at *4-5. However, at the motion to dismiss stage, the Court was obliged to accept all of Green's allegations as true, including his claim that the fax was sent "to at least 39 other recipients." Pl.'s Third Am. Class Action Compl. 3; *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). At the summary judgment stage, Green must present evidence from which a reasonable fact finder could find that defendants' conduct was unfair within the meaning of the ICFA.

In their motion, defendants directly challenged whether Green has evidence sufficient to permit a finding that defendants' conduct was unfair. In his response, Green did not cite any evidence; rather, he simply contended that defendants were repeating arguments the Court had rejected at the motion to dismiss stage. At the summary judgment stage, however, the question is whether there is evidence from which a fact finder could find substantial injury (and the other ICFA requirements), not whether Green's complaint contains sufficient allegations.

The evidence Green has offered is insufficient to permit a reasonable fact finder to find that defendants' conduct was unfair within the meaning of the ICFA. On the question of substantial injury, the only evidence Green has provided is an expert report that suggests defendants sent faxes to thousands of individuals. The report does not indicate, however, that the other faxes consisted of the same document Green received. As such, the evidence only supports the inference that Green himself suffered the sort of injury on which his lawsuit is based, in the form of a single, faxed advertisement. The Court agrees with its colleague Judge Rebecca Pallmeyer's determination in a very similar situation that "[w]ithout a showing that any other party

received the fax and that such others were neither solicited nor sent pursuant to an established business relationship, no reasonable [fact finder] could find that [the "oppressive" and "substantial injury"] factors were met and return a verdict in favor of [plaintiff] on the issue of unfairness." *Centerline Equip. Corp. v. Banner Personnel Serv., Inc.*, No. 07 C 1611, 2009 WL 1607587, at *6 (N.D. Ill. June 9, 2009)

## Conclusion

For the foregoing reasons, the Court denies defendant's motion for summary judgment [docket no. 69] on counts one and two of plaintiff's third amended complaint and grants the motion on count three. The case is set for a status hearing by telephone conference on February 1, 2011 at 9:00 a.m. for the purpose of setting a trial date and discussing the possibility of settlement. Defendant's counsel is directed to get plaintiff's counsel on the telephone and then call Judge Kennelly's chambers.

*[signature]*
MATTHEW F. KENNELLY
United States District Judge

Date: January 21, 2011